## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Anthony M. Carapucci, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, does hereby state and depose as follows:

## AFFIANT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration, and have been since November, 2023. I attended the DEA Basic Agent's Training Academy in Quantico, Virginia. During the DEA Academy I received specialized training in various investigative techniques including electronic, stationary, and mobile surveillance. I received formal training in the identification of various types of controlled substances by sight and odor, the way in which controlled substances are packaged, marketed, and consumed, and the effects of various drugs on human physiology. I also received formal training that focused on the transportation and distribution used by persons involved in the transportation, smuggling and distribution of illicit drugs.

2. I am currently assigned to the DEA Caribbean Division, San Juan, Puerto Rico Office. Within the DEA San Juan Office, I am assigned to the Enforcement 1 Group (E-1), which conducts investigations of large-scale drug trafficking and money laundering organizations, violent gangs, federal narcotics and firearms violations, under Title 18, *United States Code*, and Title 21, *United States Code*.

3. Furthermore, as a Special Agent my duties and responsibilities include conducting investigations of: alleged manufacturing, distributing or possession of

controlled substances (Title 21, United States Code, Sections 841 (a) (1)); conspiracy to distribute a narcotic drug controlled substances into the United States (Title 21, United States Code, Section 846); importation of controlled substances (Title 21, United States Code, Section 952(a); Possession of a firearm with an obliterated serial number (Title 18, United States Code, Section 992 (k) and related offenses.

4. Through my training and expertise of senior agents and task force officers, I have become familiar with the *modus operandi* of drug traffickers, as well as with the trafficking of illegal drugs and its proceeds of drug trafficking organizations based in Puerto Rico. Moreover, I have spoken in depth to experienced investigators concerning the methods and practices of drug traffickers and money launderers. During these conversations, I was able to validate the conclusions which I have drawn based on my own experience.

5. I have debriefed and interviewed persons charged with and convicted of felony narcotics and other felony offenses. I have spoken to individuals who have been involved in the use, sales and the illegal distribution of illicit drugs. I have learned from those individuals the techniques commonly used by those involved in the transport and distribution of illicit drugs. In addition, through my experience and training and that of more senior federal, state and local drug agents, I have become familiar with the various techniques in which controlled substances are imported, manufactured, distributed, and sold; and the efforts of persons engaged in the importation, manufacture, distribution and sales of controlled substances to avoid detection and apprehension by law enforcement officers.

6.      I have also become familiar with the methods used by individuals to hide, convert, or otherwise conceal illicit narcotics monies or proceeds of such activities and the efforts of persons engaged in transportation and laundering of said illicit monies to avoid detection, apprehension, and seizure by law enforcement. Because of my personal participation in this investigation, and because of information provided to me by other agents and officers, and my personal observations, I am familiar with the facts and circumstances of this investigation. My experience in investigating drug offenders, my education, my conversations with senior drug agents and chemists, and my specialized training formed a basis of the opinions and conclusions set forth below which I drew from the facts set forth herein.

7.      Your affiant is an "an investigative or law enforcement officer of the United States" within the meaning of Title 18 *United States Code* of Section 2510 (7). Your affiant is, therefore, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, *United States Code* Section 2516.

8.      The details and information stated herein are a compilation of facts and events investigated by me and other Law Enforcement Officers.  I have drafted this affidavit for the limited purpose of establishing probable cause that RANDY PADILLA-FERNANDEZ and JOHN HUERTAS-RODRIGUEZ violated Title 18 U.S.C. §§ 922(o) – the Possession of a Machinegun and that RANDY PADILLA FERNANDEZ and TOMAS SANCHEZ-FELICIANO violated Title 18 U.S.C. §

922(g)(1) – Possession of a Firearm by a Prohibited Person. Therefore, I have not included all the facts of this investigation.

## SOURCES OF INFORMATION

9. As previously noted, this affidavit is being submitted for the specific purpose of securing a criminal complaint. I have not included all the facts known to me concerning this investigation. Instead, I have presented only the facts that are necessary to demonstrate probable cause that violations of the federal laws set forth below have occurred.

10. I am familiar with the facts set forth in this affidavit from my personal observations and inquiries, from the observations and investigations of other law enforcement officers and/or analysts as related to me in conversation and/or through written reports, and/or from records and/or documents and/or other evidence obtained as a result of this and related investigations. I have also obtained such information from records, documents and other evidence obtained in this investigation. Unless otherwise stated herein, I believe that the information provided to me by others is reliable. In those instances where I express an opinion or belief regarding the facts alleged herein, that opinion or belief is based on my education and experience as set forth previously herein, together with my knowledge of this investigation and any other specific factors I offer in connection with a particular assertion.

## FACTS SUPPORTING PROBABLE CAUSE

11. At approximately 7:00 P.M., on February 6, 2025, agents from the Puerto Rico Police Bureau (PRPB) metro drug unit, were conducting surveillance of a property in order to conduct a State Search Warrant (#3488) for a property located at (Latitude: 18.4435562, Longitude: -66.0747181) in San Juan, PR. The State Search Warrant was granted by Municipal Judge Lorraine M. Biaggi-Trigo, to search for controlled substances and firearms within the property.

12. While conducting surveillance of the property to be searched, PRPB agents of the metro drug unit observed a blue Toyota Corolla bearing Puerto Rico license plate (KLO 436) with three (3) people inside, parked outside of the property.

13. While surveilling the property and vehicle prior to the execution of the State Search Warrant, agents watched the blue Toyota Corolla and observed the individuals inside the vehicle moving around. Agents observed the occupants looking around frantically, as if waiting or looking for someone. Agents stated that the individual in the driver seat kept looking around in all directions nervously (swinging their head across their shoulders looking left, right and the leaning or twisting of the person's body to allow them to see behind them) out of all windows of the vehicle.

14. Agents from the metro drug unit then began their approach to the property for the execution of State Search Warrant (#3488). While moving to the property, agents passed the blue Toyota Corolla which was parked outside, and looked inside the vehicle through the windows for safety reasons. Agents observed an individual, later identified as Randy PADILLA-Fernandez inside the vehicle in the driver seat of the Toyota Corolla holding a firearm. Agents from the PRPB drug unit

immediately approached, stopped, removed and secured all the individuals that were inside the vehicle.

15.     Agents from the PRPB metro drug unit encountered Randy PADILLA-Fernandez in the driver seat of the blue Toyota Corolla and found in his possession one (1) Glock 23 4th generation .40 caliber handgun (Serial Number: TFN186) equipped with an extended magazine and loaded with one (1) round in the chamber, ready to fire. The Glock 23 (Serial Number: TFN186) seized from PADILLA-Fernandez was modified with a "chip" (a machinegun conversion device) that allows the firearm (specifically a Glock pistol) to fire fully automatic and function as a machinegun.

16.     Included below is a photograph of the Glock 23 (Serial Number: TFN186) and the extended magazine, seized from PADILLA-Fernandez.



17. Included below is a photograph of the back plate of the Glock 23 (Serial Number: TFN186) described above. Based on my training and experience, this back plate is obviously different than the back plate that originally accompanies a Glock 23. Anyone familiar with Glocks who looks at the back plate will know that this Glock 23 is modified to shoot in a fully automatic (machinegun) mode.



18. Agents from the PRPB metro drug unit removed from the front passenger seat of the blue Toyota Corolla, John HUERTAS-Rodriguez. Located on the floor board directly between the feet of HUERTAS-Rodriguez and within arm's reach, was one (1) Glock 23 5th generation .40 caliber handgun (Serial Number: CBLF904) equipped with an extended magazine and loaded with one (1) round in the chamber, ready to fire. The Glock 23 (Serial Number: CBLF904) was modified with a "chip" (a machinegun conversion device) that allows the firearm (specifically a Glock pistol) to fire fully automatic and function as a machinegun.

19. Included below is a photograph of the Glock 23 (Serial Number: CBLF904) and the extended magazine, seized from the floor of the vehicle between the feet of HUERTAS-Rodriguez.



20. Included below is a photograph of the back plate of the Glock 23 (Serial Number: CBLF904) described above. Based on my training and experience, this back plate is obviously different than the back plate that originally accompanies a Glock 23. Anyone familiar with Glocks who looks at the back plate will know that this Glock 23 is modified to shoot in a fully automatic (machinegun) mode.



21.     Additionally, seized from John HUERTAS-Rodriguez on his person was one (1) tan with red and green strap "fanny pack" containing three (3) additional loaded black Glock extended magazines.

22.     Included below is a photograph of the "fanny pack" and the three (3) additional Glock extended magazines described above. Based on my training and experience, when people possess modified firearms or machineguns, they typically also possess multiple extended high capacity magazines due to the extremely high rate and volume of fire that a machinegun is capable of producing.



23. Agents from the PRPB metro drug unit removed from the rear seat of the blue Toyota Corolla Tomas SANCHEZ-Feliciano. Seized from his person was one (1) black "supreme" "fanny pack" containing two (2) loaded black Glock magazines.

24. Included below is a photograph of the "fanny pack" and the two (2) Glock magazines described above. Based on my training and experience, when people possess magazines, they typically also are in possession, have possessed or will possess a firearm.



25. Additionally, included below is a photograph of all the items seized from inside the blue Toyota Corolla bearing Puerto Rico tag (KLO436) all together, to include two (2) firearms, seven (7) Glock black pistol magazines, four (4) cellular phones, two (2) "fanny packs", an undetermined amount of ammunition and an undetermined amount of Unites States Currency (USC).



26.     In reviewing records of criminal arrests and convictions, I know that Randy PADILLA-Fernandez was convicted in a Puerto Rico state cased based on Complaint number 2017-07-311-09128 in State court and was sentenced in that case to serve three (3) years of incarceration and three (3) years of probation. Additionally, in reviewing records or criminal arrests and convictions, I know that Tomas SANCHEZ-Feliciano was convicted in case 15-602 (ADC) in Federal court and was convicted of violations of Title 21, United States Code, Section 841(a) and Title 18, United States Code 924(c) and sentenced to a total of eighty-four (84) months of imprisonment with a term of supervised release to follow. Additionally, Tomas SANCHEZ-Feliciano was convicted in case 18-413 (ADC) in Federal court for a violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860 and was sentenced to a total of forty-one (41) months of imprisonment with a term of supervised release to follow.

27.     I know that firearms are not manufactured in Puerto Rico; thus, the firearms seized must have travelled in interstate or foreign commerce.

## CONCLUSION

Based on my training and experience, and the above-mentioned facts, I have probable cause to believe that RANDY PADILLA-FERNANDEZ and JOHN HUERTAS-RODRIGUEZ violated Title 18 U.S.C. §§ 922(o) – the Possession of a Machinegun and that RANDY PADILL- FERNANDEZ and TOMAS SANCHEZ-

FELICIANO violated Title 18 U.S.C. § 922(g)(1) – Possession of a Firearm by a Prohibited Person.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Anthony M. Carapucci
Special Agent
Drug Enforcement Administration

**SWORN AND SUBSCRIBED** pursuant to FRCP 4.1 at 12:00 p.m. by telephone this 8th day of February 2025, in San Juan, Puerto Rico.

_____
**HON. BRUCE J. MCGIVERIN**
**UNITED STATES MAGISTRATE JUDGE**